FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 23, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DEV BHUMI COLD CHAIN PVT LTD, an Indian Company,<br><br>                   Plaintiff,<br><br>     v.<br><br>YAKIMA FRESH LLC, a Washington Limited Liability Company,<br><br>                   Defendant. | No.   1:20-cv-03106-SMJ<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Before the Court is Defendant's Motion for Partial Summary Judgment, ECF No. 34. Defendant seeks summary dismissal of Plaintiff's breach of contract and unjust enrichment claims arising out of the parties' 2018 settlement agreement, arguing that the terms of the agreement are unambiguous, and under these terms, Defendant was only obligated to pay to Plaintiff a $1.00 rebate per carton of apples purchased—not a lump sum payment of the remaining rebate balance without Plaintiff's continued purchases. On February 10, 2022, the Court heard oral argument on the motion and orally granted it. This order memorializes and supplements the Court's oral ruling.

//

ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT – 1

# BACKGROUND

Plaintiff Dev Bhumi is a multi-national company that imports produce into India from around the world. Defendant Yakima Fresh distributes apples and other fruit from various packing houses in the Yakima, Washington area. The parties established a business relationship in 2012 when Plaintiff began purchasing apples from Defendant to import into India.

Plaintiff purchased the apples on a one-million-dollar line of credit extended by Defendant and on which Defendant required payment within 60 days. Defendant would ship the apples to India, where Plaintiff would take possession of the goods after they were cleared by the Indian government. Plaintiff's employees would then inspect the apples for any quality issues. It appears the parties operated under this arrangement without dispute for several years.

In 2018, however, Plaintiff began requesting a significantly higher line of credit to allow it to import more apples into India. Although Defendant declined to provide a credit line increase, it did work with Plaintiff to "triple[]" the amount of apples it had provided in the past. ECF No. 34 at 3. According to Defendant, Plaintiff imported approximately $2.2 million dollars more in apples in 2018 than it had in 2017. But in 2018, the apple market in India became oversaturated and crashed, causing Plaintiff to suffer significant market losses.

Plaintiff represents that in 2018, its orders from Defendant contained a significant portion of nonconforming goods, though it disputes these quality claims were related to its market losses. In October of 2018, Plaintiff requested $700,000 from Defendant to account for the alleged apple quality issues.[1] At the time of this request, Plaintiff's Accounts Receivable ("AR") owed to Defendant was approximately $1 million and was several months overdue. After some negotiation, however, the parties eventually settled the quality claims. The agreement was stated in an email sent by Defendant's representative, Steve Smith, on October 24, 2018:

> We will credit your current A/R for $350,000. In addition to the credit, we will rebate you $1.00/carton on all shipments through August 31, 2021 up to $350,000. We will apply the rebate to your outstanding A/R with us at any time upon your request or pay it to you directly if your AR balance is $0. Your current A/R with us is $1,018,621.19 which would leave a balance owing after the $350,000 credit of $668,621.19. As this balance is now 5 months old we respectfully ask that you remit the balance upon your agreement to our offer of credit and rebate.

ECF No. 33-4 at 2–3. After Plaintiff pushed for a better offer, Defendant explained that this was the best offer it could provide and elaborated on the $1.00 per carton rebate:

> [W]e are offering the $700,000 help you asked for—half up front and ½ payable per box moving forward. The half moving forward is not phantom money, it is a fixed rebate per carton regardless of whether the price per carton is $2 or $20. It is real money that will be applied to your real losses last season and it will put an end to last season, no lingering discussion about old files still on the books, adding a dollar or whatever onto future shipments, or requests by us for additional

---

[1] Plaintiff also requested market assistance, but later dropped the request.

ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT – 3

> money if we have an exceptionally good season. We can send it to you directly upon every shipment if you prefer.

*Id.* at 2. On November 13, 2018, Plaintiff accepted the offer as stated in Defendant's October 24, 2018 email. ECF No. 32-11 ("[W]e agree to your proposal in the email below").

Over the next eighteen months, the parties operated under the agreement without dispute, with Defendant applying a $350,000 credit to Plaintiff's AR and Plaintiff receiving a $1.00 per carton rebate on subsequent shipments. From October 2018 through April 2020, the parties reached terms on several orders, with Plaintiff ordering 64,926 cartons and receiving a corresponding rebate of $64,926.

At some point in early 2020, Plaintiff learned that Defendant's owners were disbanding their partnership.[2] In response, Plaintiff's representative—Kumar Aggarwal—emailed Defendant's representative—Steve Smith—requesting Defendant pay the remainder of the rebate amount. In the email, Mr. Aggarwal requested Defendant pay $275,000, though the parties have since clarified the remaining rebate balance was $285,074.[3] Defendant refused to pay the balance,

---

[2] Yakima Fresh was acquired by Roche Fruit in June 2020. Defendant submits that despite the acquisition, Yakima Fresh continues to export apples and has carefully managed the transition to not adversely affect its clients.

[3] The parties agree that at the time of this request, Plaintiff's AR was $0.

ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT – 4

reminding Plaintiff that it was not entitled to a cash payment, only a $1.00 per carton rebate:

> You imply there is a liability associated with our offer of a rebate. There isn't. It is a simple rebate offered to you as an incentive to purchase apples from us. If there are no purchases, there is no rebate.

ECF No. 37-17. In the same email, Defendant confirmed that it remained willing to apply the rebate. *Id.* ("[W]e have honored our word to you in regards to the rebate and will continue to do so on all future shipments…up to $350,000 total or until August of 2021, whichever comes first."). Despite Defendant's willingness to continue performing under the terms of the agreement, Plaintiff elected not to order additional apples and instead filed this action, asserting a breach of contract claim as well as an unjust enrichment claim as an alternative theory of liability.

Because it is undisputed that Defendant timely applied a $350,000 credit to Plaintiff's AR, the parties dispute only the "rebate provision." Defendant maintains that it only owed the rebate amount ($350,000) by way of a $1.00 rebate on each apple carton purchase—*i.e.*, that the rebate was conditional upon continued purchases apple cartons. Plaintiff disputes this characterization of the agreement, arguing that the rebate provision was not intended as a traditional rebate conditioned upon future purchases, but instead entitled Plaintiff to demand a payout of the balance when its AR reached $0.

ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT – 5

## LEGAL STANDARD

The Court must grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party bears the initial burden of showing no genuine dispute of material fact exists because a reasonable jury could not find in favor of the nonmoving party. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 325 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 n.10, 587 (1986). If the moving party makes this showing, the nonmoving party then bears the burden of showing a genuine dispute of material fact exists because reasonable minds could differ on the result. *See Anderson*, 477 U.S. at 248–51; *Matsushita Elec. Indus.*, 475 U.S. at 586–87.

The nonmoving party may not rest upon the mere allegations or denials of its pleading and must instead set forth specific facts, and point to substantial probative evidence, tending to support its case and showing a genuine issue requires trial resolution. *See Anderson*, 477 U.S. at 248–49. The Court must enter summary judgment against the nonmoving party if it fails to make a showing sufficient to

establish an element essential to its case and on which it would bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 322.

In ruling on a summary judgment motion, the Court must view the evidence in the light most favorable to the nonmoving party. *See Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)). Thus, the Court must accept the nonmoving party's evidence as true and draw all reasonable inferences in its favor. *See Anderson*, 477 U.S. at 255. The Court may not assess credibility or weigh evidence. *See id.*

## DISCUSSION

**A.    The terms of the agreement are unambiguous.**

Interpretation of an unambiguous contract is a question of law. *Absher Constr. Co. v. Kent School District No. 415*, 890 P.2d 1071, 1073 (Wash. Ct. App. 1995). "If a contract is unambiguous, summary judgment is proper even if the parties dispute the legal effect of a certain provision." *Voorde Poorte v. Evans*, 832 P.2d 105, 107 (Wash. Ct. App.1992). A contract is ambiguous if its terms are uncertain, or they are subject to more than one meaning. *Mayer v. Pierce County Medical Bureau*, 909 P.2d 1323, 1326 (Wash. Ct. App. 1995). "A provision, however, is not ambiguous merely because the parties suggest opposing meanings." *Id.* "[A]mbiguity will not be read into a contract where it can be reasonably avoided." *McGary v. Westlake Investors*, 661 P.2d 971, 974 (Wash. 1983) (en

banc). Only if a contract is ambiguous on its face will the court proceed to ascertain the intent of the parties. *Berg v. Hudesman*, 801 P.2d 222, 228 (Wash. 1990) (en banc).

As an initial matter, the parties agree that they entered into an agreement regarding Plaintiff's 2018 quality claims totaling $700,000.00, and further agree that Defendant timely applied a $350,000 credit to Plaintiff's AR. The issue thus centers on the rebate provision alone. That provision of the agreement reads:

> In addition to the credit, we will rebate you $1.00/carton on all shipments through August 31, 2021 up to $350,000. We will apply the rebate to your outstanding A/R with us at any time upon your request or pay it to you directly if your AR balance is $0.

ECF No. 33-4 at 2–3. By its express and certain language, this provision provides for a $1.00 per carton rebate that is conditional upon Plaintiff purchasing a carton from Defendant. That rebate is payable against Plaintiff's AR balance, if any, or directly to Plaintiff if it does not owe Defendant a balance. Either way, the language of the agreement plainly contemplates a *per carton* rebate that is conditional upon the purchase of a carton.

In an effort to thwart summary judgment, Plaintiff vaguely describes the rebate amount as a credit it was unconditionally entitled to. That Plaintiff now conveys a different understanding of the agreement does not make the agreement ambiguous. *Mayer*, 909 P.2d at 1326. ("A provision, however, is not ambiguous merely because the parties suggest opposing meanings."). Furthermore, Plaintiff

ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT – 8

has failed to set forth "specific facts" and "probative evidence" showing a genuine issue requiring trial resolution. *Anderson*, 477 U.S. at 248–49. Plaintiff submits an email sent by Mr. Aggarwal to Mr. Smith on October 25, 2018—which it contends "reiterated and clarified the terms" of the agreement: "[t]herefore, you need to give us a credit note of $350,000 + $78,000 + an email for the deferred payment of the balance $350,000.00." ECF No. 37-13 at 2. It is uncertain whether Defendant accepted this articulation of the agreement, but either way, this description of the provision does not convert the rebate into a credit entitling Plaintiff to demand a lump-sum payment of the balance. The Court's conclusion is bolstered by Mr. Aggarwal's email accepting Defendant's offer, in which he stated Plaintiff accepted the "proposal in the email below." ECF No. 32-11 at 2. The "email below" contained no language describing the rebate as a deferred payment. *See id.*

      In short, the Court will not read ambiguity into the parties' agreement where none exists. The language of the contract is simple and certain: Plaintiff was entitled to a $1.00 rebate for each carton it purchased from Defendant. It was not, however, entitled to demand a payment not contemplated by the parties' agreement simply because Defendant changed ownership.

**B.    There is no genuine dispute of material fact concerning whether Defendant breached the contract.**

    Defendant—as the moving party—has met its initial burden to show that no reasonable jury could find that Defendant breached the parties' agreement. *See*

ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT – 9

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 325 (1986). Plaintiff, however, has failed to carry its burden to show a genuine dispute of material fact. The Court notes that Plaintiff's theory of contractual liability is unclear, though the Court is confident the Plaintiff cannot succeed under any theory.

As the Court has already concluded, the agreement is simple, unambiguous, and clearly delineates the parties' rights. Regarding the rebate provision, Plaintiff was entitled to a $1.00 per carton rebate on each carton purchased through August 31, 2021, up to $350,000. For nearly two years, the parties operated successfully under the terms of the agreement, with Plaintiff purchasing 64,926 cartons of apples and Yakima Fresh applying a corresponding rebate of $64,926—as contemplated by the agreement. Then, in 2020, Plaintiff suddenly demanded a direct payout of the remaining rebate amount once it learned that Defendant's owners were disbanding their partnership.

Yet Plaintiff does not dispute that Defendant affirmed it would continue to honor the rebate agreement through August 2021, notwithstanding the change in ownership. Plaintiff apparently decided against Defendant's assurances, declined to make any efforts to purchase additional apples, and instead demanded direct payment of the remaining rebate amount. Although Plaintiff was under no obligation to continue purchasing apples from Defendant, it cannot charge

Defendant with breaching terms that simply did not exist. The Court therefore dismisses Plaintiff's first cause of action with prejudice.

**C.      Plaintiff's unjust enrichment claim fails as a matter of law.**

Plaintiff asserts an unjust enrichment claim "as an alternative to its breach of contract claim." ECF Nos. 1; 42 at 19. A claim for unjust enrichment is a quasi-contract claim. *Eaton v. Engelcke Mfg., Inc.*, 681 P.2d 1312, 1314 (Wash. Ct. App. 1984). An action for unjust enrichment does not lie where an express agreement exists and governs the parties' relationship. *Chandler v. Wash. Toll Bridge Auth.*, 137 P.2d 97, 103 (Wash. 1943) ("A party to a valid express contract is bound by the provisions of that contract, and may not disregard the same and bring an action on an implied contract relating to the same matter, in contravention of the express contract."). Here, both parties agree that a binding agreement exists; they simply dispute the terms of the agreement. Having determined that an express agreement exists, the Court finds that Plaintiff's unjust enrichment claim fails as a matter of law and dismisses the claim with prejudice.

Accordingly, **IT IS HEREBY ORDERED**:

1.      Defendant's Motion for Partial Summary Judgment, **ECF No. 34**, is **GRANTED**.

//

//

ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT – 11

2.    Plaintiff's first claim ("Breach of the 2018 Agreement") and third claim ("Unjust Enrichment for 2018 Nonconforming Goods") are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

DATED this 23rd day of March 2022.

_____
SALVADOR MENDOZA, JR.
United States District Judge